# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter Thaddaeus T. Viers, Respondent.

Appellate Case No. 2016-001034

---

Opinion No. 27651
Submitted June 22, 2016 – Filed July 20, 2016

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex
Davis, Jr., Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Dylan Ward Goff, of James E. Smith Jr., PA, of
Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of a definite suspension not to exceed three (3) years or disbarment.
Respondent requests the Court impose the suspension or disbarment retroactively
to April 11, 2012, the date of his interim suspension. *In the Matter of Viers*, 397
S.C. 517, 727 S.E.2d 27 (2012).  ODC joins the request for retroactive imposition
of the sanction.  We accept the Agreement and disbar respondent from the practice
of law in this state, retroactively to the date of his interim suspension.  The facts, as
set forth in the Agreement, are as follows.

## Facts

### Matter I

On January 5, 2012, respondent was arrested and charged with Harassment 1st degree. In March 2012, respondent was indicted on the additional charge of Stalking. By letter dated April 3, 2012, respondent self-reported these criminal charges to ODC. As noted above, on April 11, 2012, the Court placed respondent on interim suspension. *Id.*

In January 2013, respondent was indicted on the additional charges of Petit Larceny and Burglary 1st.

All of the criminal charges involved respondent's conduct and interactions with his ex-girlfriend.

On January 8, 2014, respondent pled guilty to Harassment 2nd degree. He was sentenced to sixty (60) days in jail (to be served on weekends), one (1) year of probation, required mental health counseling, fees/fines in the amount of $133.90, and ordered to have no contact, either directly or indirectly, with the victim. The remaining criminal charges of Stalking, Burglary 1st, and Petit Larceny were marked nolle prosequi on January 24, 2014. Respondent has paid all fees/fines related to the guilty plea.

### Matter II

Respondent was indicted on fourteen (14) counts of criminal conduct relating to his representation of Marlon Weaver. On April 15, 2015, respondent pled guilty to engaging in a monetary transaction in property derived from unlawful activity which is a violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2. Specifically, respondent admitted he engaged in a monetary transaction which had some effect on interstate or foreign commerce, the monetary transaction involved criminally derived property with a value of greater than $10,000, respondent knew the transaction involved funds that were the proceeds of some criminal activity, and the funds were in fact proceeds of mail fraud.

On October 20, 2015, respondent was sentenced for the criminal conduct. He was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of thirty-seven (37) months. Upon release from imprisonment, respondent was ordered to be on supervised release for a term of three (3) years. In

addition, respondent is held jointly and severally liable for restitution in the amount of $875,000 to be paid to SafeCo Insurance Company. Respondent is required to make monthly payments of not less than $1,000 beginning thirty (30) days after his release from imprisonment.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent further admits he has violated the provisions of Rule 417, SCACR.

Respondent admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring courts or legal profession into disrepute or conduct demonstrating unfitness to practice law).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactively to April 11, 2012, the date of his interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**